IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CASE NO. 4:21-cr-038 |
| TIMOTHY MARIO MITCHELL | ) ) ) | |

# PLEA AGREEMENT

Defendant TIMOTHY MARIO MITCHELL, represented by his counsel W. Lamar Fields, and the United States of America, represented by Assistant United States Attorney John P. Harper III, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1).

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) that Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and (2) that before possessing the firearm, Defendant knew he had been convicted of a felony, that is, a crime punishable by imprisonment for more than 1 year.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the required elements for the

INITIALS: _TM_

offense charged in Count One of the Indictment:

- On August 5, 2020, officers with the Savannah Police Department's Strategic Investigations Unit encountered a group of individuals, including Defendant TIMOTHY MARIO MTICHELL, in the Fellwood Homes area in Savannah, Georgia;
- The Fellwood Homes area is in the Savannah Division of the Southern District of Georgia;
- While attempting to flee on foot from officers, a Springfield M1911-A1 .45-caliber pistol fell from the area of Defendant's waistband;
- The Springfield M1911-A1 .45-caliber pistol was not manufactured in the State of Georgia and, therefore, moved in interstate or foreign commerce;
- Prior to August 5, 2020, Defendant had been convicted of felony offenses in Chatham County Superior Court case numbers CR16-0422 and CR17-0953;
- Those convictions clearly indicate they were for felony convictions and bear Defendant's signature, indicating Defendant knew he had been convicted of a felony; and
- The Georgia Board of Pardons and Paroles had not restored Defendant's right to possess firearms.

INITIALS: TM

3.    Possible Sentence

Defendant's guilty plea will subject him to the following possible sentence: not more than 10 years of imprisonment; not more than 3 years of supervised release; not more than a $250,000 fine; such restitution as may be ordered by the Court; and forfeiture of all forfeitable assets. Additionally, the Court must impose a $100 special assessment per count of conviction.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory: the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) in determining Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to Section 1B1.3 of the

Sentencing Guidelines, not just the conduct underlying the particular Count to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the Government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

   The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a 2-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the Government will move for an additional 1-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

   c. <u>Sentence Recommendation</u>

   The Government agrees to recommend that Defendant receive a sentence within the applicable guideline range determined by the Court at sentencing. Defendant understands that the Court is not bound by the Government's recommendation.

INITIALS: TM

7. <u>Financial Obligations and Agreements</u>

    a. <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

8. <u>Waivers</u>

    a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground, including any argument that the statutes to which Defendant is pleading guilty are unconstitutional or that the admitted conduct does not fall within the scope of those statutes. The only exceptions are that Defendant may file a direct appeal of his sentence if (1) the Court enters a sentence above the statutory maximum; (2) the Court enters a sentence above the advisory Sentencing Guidelines range found to apply by the Court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

    b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

INITIALS: *LM*

c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights that he will waive by pleading guilty, including the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, be protected from compelled self-incrimination, testify and present evidence, and compel the attendance of witnesses.

6

INITIALS: _TM_

10. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

11. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the Government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the Government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

INITIALS: ___

12. Entire Agreement

This agreement contains the entire agreement between the Government and Defendant.

_____
Date

DAVID H. ESTES
UNITED STATES ATTORNEY

_____
Karl I. Knoche
Georgia Bar No. 426624
Chief, Criminal Division

1/27/21
Date

_____
John P. Harper III
Georgia Bar No. 556403
Assistant United States Attorney

8

INITIALS: \_\_\_\_

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

12/15/21
Date

*Timothy Mario Mitchell*
Timothy Mario Mitchell
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

12/18/21
Date

W. Lamar Fields
Counsel for Defendant Timothy Mario Mitchell